JACOB RUNSDORF v. B. FRANK CORIELL, SHERIFF.

Argued November 5, 1904—Decided January 26, 1906.

Evidence tending to show the length of time taken by a check to pass through a clearing house and be paid, after its deposit in bank, is competent and material upon an issue which involves the question whether a sale of chattels, which had been seized by the sheriff under an execution, was made by the judgment debtor prior to the sheriff's levy, and on the day on which the check given for the purchase-money bore date, or whether it was made subsequent to the levy, and the check antedated by the purchaser for the purpose of aiding the judgment debtor in an attempt to defeat the plaintiff in execution in the collection of his claim.

---

In replevin.　On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the rule, *Guild, Lum & Tamblyn.*

*Contra, Francis Child.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.　On the 16th day of September, 1903, one Gustav Lewis recovered a judgment in the Union Circuit Court against Bernard Ostrow, and on the same day sued out a writ of *fieri facias* thereon, which was

delivered to the defendant to be executed, the latter being
at that time the sheriff of the county.  He proceeded to
execute the writ by levying upon and taking possession of
fourteen cows, which he found upon Ostrow's farm.  The
plaintiff thereupon instituted this suit to recover possession
of the cows from the sheriff, and at the trial set up that he
had purchased them from Ostrow prior to the recovery of the
Lewis judgment.  In support of this claim he produced and
offered in evidence a bill of sale for them, made by Ostrow
to him, and bearing date the 5th day of September, 1903.
Both he and the attorney who prepared the instrument tes-
tified that it was executed in New York on the day of its
date, and that as a part of the consideration the plaintiff
then paid $250.  This payment was testified by them to have
been made by the giving of a check for that amount by the
plaintiff to the attorney, and the giving by the attorney of his
check to Ostrow for $240, the sum of $10 being retained by
the attorney as compensation for his services.  In corrobora-
tion of this story the plaintiff produced in evidence two
checks, each dated September 5th, 1903, one of which was
drawn by himself to the order of Morris D. Silverstein (the
attorney), for $250, and the other by Silverstein to the order
of Ostrow, for $240.  Silverstein, on his cross-examination,
was asked when he deposited in bank the check drawn to his
order, and in answer to that question stated that it might
have been the same day and it might have been a few days
afterwards.  An inspection of the check discloses the follow-
ing endorsement upon it:  "Received payment through the
New York Clearing House September 25, 1903.  Endorse-
ments guaranteed.  Jefferson Bank, N. Y."  A like endorse-
ment appeared upon the other check, except that the date
of payment was stated to be September 26th.  The defence
was that this bill of sale was fraudulent in character, pre-
pared after the levy by the attorney and antedated for the
purpose of making it appear that Ostrow had ceased to be
the owner of the cows prior to the suing out of the execution
by Lewis.  In order to discredit the testimony of Silverstein,
the defendant called a bank clerk for the purpose of proving

by him that the length of time it takes for a check deposited in a New York bank to go through the clearing house and be paid is only a few days. This evidence was excluded as irrelevant, on the objection of the plaintiff, and the ruling of the court excepted to by the defendant.

In our opinion, this testimony was improperly excluded. If it be true that a check ordinarily passes through the clearing house and is paid within a day or two after its deposit in bank, then that fact raises a strong presumption that the two checks produced by the plaintiff were not deposited until after the issuing of the execution on the Lewis judgment and the making of the levy thereunder. If they were not deposited until after the making of the levy, the defendant was entitled to have that fact presented to the jury and considered by them in determining whether the bill of sale was executed in good faith on the day on which it bears date, or, fraudulently, on a day subsequent to the making of the sheriff's levy, for the purpose of defeating the rights of Lewis thereunder.

The conclusion we have reached upon this ruling of the trial court makes a consideration of the other reasons upon which a new trial was asked unnecessary.

The rule to show cause will be made absolute.